IN THE MATTER OF THE COMPLAINT OF THE BOROUGH OF LITTLE FERRY, IN THE COUNTY OF BERGEN, STATE OF NEW JERSEY, AGAINST THE BERGEN COUNTY EQUALIZATION TABLE, FOR THE YEARS 1954 AND 1955.

BOROUGH OF EAST PATERSON, IN THE COUNTY OF BERGEN, STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

[Re: Valuations for Year 1954]

BOROUGH OF EAST PATERSON, IN THE COUNTY OF BERGEN, STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

[Re: Valuations for Year 1955]

BOROUGH OF FAIR LAWN, IN THE COUNTY OF BERGEN, STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

[Re: Valuations for Year 1954]

BOROUGH OF FAIR LAWN, IN THE COUNTY OF BERGEN, STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

[Re: Valuations for Year 1955]

Superior Court of New Jersey
Appellate Division

Argued May 21, 1956—Decided June 29, 1956.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Heyman Zimel* argued the cause for appellant Borough of East Paterson, *etc.*

*Mr. Arthur Minuskin* argued the cause for appellant Borough of Fair Lawn, *etc.*

*Mr. John F. Crane,* Deputy Attorney-General, argued the cause for the respondent (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney; *Mr. Harold Kolovsky,* Assistant Attorney-General, of counsel).

The opinion of the court was delivered by

FRANCIS, J. A. D.    The Borough of Little Ferry appealed from the dismissal by the Division of Tax Appeals of its action seeking a review, correction and revision of the 1954 equalization table promulgated by the Bergen County Board of Taxation.    The Supreme Court reversed (*Borough of Little Ferry v. Bergen County Board of Taxation,* 18 *N. J.* 400 (1955)) and remanded to the Division with directions to hold a hearing in accordance with certain rules outlined

therein and more particularly in *City of Passaic v. Passaic County Board of Taxation,* 18 *N. J.* 371, which was decided on the same day.

Following the remand, hearings were conducted and the Division, by judgments of September 6, 1955, promulgated, revised and corrected equalization tables for Bergen County for 1954 and 1955. The table for the latter year was dealt with also because it had been brought up for review and expediency prompted disposition of both matters at the same time.

The present appellants, Borough of East Paterson and Fair Lawn, who seek a review of both judgments, were not parties to the original *Little Ferry* appeal. Moreover, although both received notice of the hearings on the remand, neither one appeared, offered any evidence, made any objection to the course being pursued or any criticism of the sufficiency or propriety of the methods followed in arriving at the average ratios of assessed to true value in the various municipalities. In fact, none of the 70 municipalities in the county presented any evidence in aid of equalization and the Division was left to rely largely upon data gathered by the county board. All but two of them apparently are satisfied with the judgments. Only East Paterson and Fair Lawn prosecute the appeal.

Appellants do not attack the ratios reached for any other municipality in the county. They claim only that those fixed for them are erroneous because the sales study on which they were based was improper and because the Division did not consider either the *Sixth Report* of the State Tax Policy Commission or the 1954 and 1955 equalization tables of the State Director of the Division of Taxation prepared for distribution of school aid under *N. J. S. A.* 54:1–35.3.

None of the testimony adduced at the hearings has been furnished to us. The appendix contains little more than the report and recommendations of the hearing panel and the judgments. The report is a comprehensive one which summarizes the testimony and details the method by which the municipal ratios of assessed to true value were determined.

The absence of the testimony makes it plain that appellants do not raise any factual issue or assail any factual finding. Their contention is that as a matter of law the formula used by the county board and approved by the Division is arbitrary and unreasonable.

The report shows that as far back as 1943 the county board adopted the practice of making a record of every real property sale in the county. From 1950 through substantially all of 1953, 26,101 photostats of deeds had been accumulated representing sales in the various municipalities under its supervision. 7,125 additional transfers during 1954 were noted. These sales were analyzed and certain types were excluded from consideration upon the same basis as that discussed in *Borough of Carteret v. Division of Tax Appeals,* 40 *N. J. Super.* 439 (*App. Div.* 1956). Then the ratio of assessment to sale price (determined from or checked by the revenue stamps) was computed in each case and the data were separated according to municipalities.

The average of the ratios for each municipality was ascertained and the sales were weighted on an arbitrary scale so as to give the newer ones greater significance. Specifically, the 1950 sales were listed and the average of their assessment ratios was found. This schedule was designated series A. The same was done with sales of 1951 and part of 1952; it became series B. Series C derived from the remaining 1952 sales and those of 1953; series D came from 2,835 additional 1954 sales which were analyzed and used as part of the basis for the composition of the 1955 equalization table. In arriving at the ratio used in formulating the 1954 table, the county board averaged the average of series A and B with the average of series C; the resulting A, B, C average was adopted as the ratio of assessed to true value in each municipality. For purposes of the 1955 table, the A, B, C average was averaged with the D average and the result became the applicable ratio.

In addition to the sales study, the board employed an appraising firm to make spot checks throughout the county. Such appraisals were introduced in evidence. And in con-

nection with individual appeals from local assessments, the board inspected and appraised the properties involved. A list of such cases was made part of the record.

Appellants say these aspects of the evidence were of no consequence because in the final analysis the sales study and the figures emanating therefrom provided the sole groundwork for the table ratios. It is true that the calculations from the various property transfers were accepted for the purpose. But the other matters referred to, coupled with the general experience of the board and the Division, enabled them to bring an informed judgment to bear upon the results of the sales study before accepting them as a reasonable and equitable foundation for equalization of the assessment aggregates.

The principal complaint against the sales study method employed here is that it is arbitrary and cannot reflect properly the relation between assessment and true value. In this connection it should be noted that the statute, *N. J. S. A.* 54:3–17, specifies no formula for attaining the result. Any "reasonable and efficient mode may be adopted." *City of Passaic v. Passaic County Bd. of Taxation, supra,* 18 *N. J.,* at *page* 385.

We have already commented upon the sales study method of reaching ratios for equalization purposes, one mode of attaining the desired end. Judgments of the Division which flow from such a study will not be set aside in the absence of a showing of such error as bespeaks arbitrariness, unreasonableness and substantial inequity. *Borough of Carteret v. Division of Tax Appeals, supra; Township of North Bergen v. Division of Tax Appeals,* 40 *N. J. Super.* 510 (*App. Div.* 1956). No adequate reason has been furnished to require a conclusion either that the method used by the agencies was unlawful *per se* or that the judgments produced thereby in the Division manifest inequity to the point of unreasonableness.

But it is further argued that the Division ignored the admonition in the *Passaic* case to give consideration to the *Sixth Report* or the 1954 and the preliminary 1955 equalization table issued by the Director for school aid

purposes. Examination of the report shows that no such cavalier treatment was accorded the Supreme Court opinion.

Not only did the panel receive the two documents in evidence but they constructed a table containing in columns the comparative ratios revealed by each study. With respect to the *Sixth Report,* it was pointed out that the county board's statistics arose from more recent and a much greater quantity of sales. That report reveals a sampling of 2,969 residential, commercial and industrial sales as against a study by the county board of more than 26,000 in the years 1950 through 1953, and 7,125 additional ones which occurred in 1954.

With respect to the Director's table for 1954 and the preliminary one for 1955, the panel noted that the 1954 ratios were based almost entirely upon the *Sixth Report* and that the preliminary figures for 1955 rested solely upon sales taking place between July 1, 1954 and May 1955. His final table, like the earlier one, set forth somewhat higher ratios for appellants than those found by the panel. It was promulgated as of October 1, 1955. The judgments in these appeals were entered September 6, 1955. The Division felt that the county board's study carried more weight than these reports because it was more comprehensive and was predicated upon a larger sampling of sales. The following table highlights the situation as it relates to appellants:

|  | EAST PATERSON Number of Samples | FAIR LAWN Number of Samples |
|---|---|---|
| Sixth Report | 35 residential | 129 residential |
|  | 6 commercial and industrial | 2 commercial and industrial |
| County board study 1954 Table | 503 | 730 |
| County board study 1955 Table | 563 | 851 |
| Director's table 1955 Table | 88 | 225 |

Much of the criticism of the judgments stems from the difference in the ratios appearing in the tables of the Director and those found by the Division. We agree that uniformity is desirable. *City of Passaic v. Passaic County Board of Taxation, supra,* 18 *N. J.,* at *page* 385. And it seems a reasonable supposition that even though the two fact finders operate independently of each other, in the course of time and with the accumulation of common data concordant conclusions will be reached. In any event, when an appellant simply calls our attention to a disparity of a few percentage points between the computations of the two agencies without submitting proof to establish that the Division judgments reflecting its ratios are erroneous and so much so as to render its finding unreasonable and arbitrary in the light of the information and experience then available, reason for reversal is not presented.

Study of the portion of the record which has been submitted fails to indicate that the judgments so far as they relate to appellants were not predicated on proper or adequate evidence, or that the methods used by county board and Division were *per se* invalid. Consequently the action of the Division is affirmed.